IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **PHILIP CROSBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO.11-CV-305-WDS |
| | ) | |
| **COOPER B-LINE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to strike defendant's additional defenses (Doc. 10) to which the defendant has filed a response (Doc. 11). In the motion, the plaintiff asserts that Additional Defenses 2, 3, 4, 7, 8, 9, 10, 11, and 12 should be stricken.

A motion to strike affirmative defenses is only available when the pleading contains "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). When issues involved in the affirmative defense involve facts yet to be developed a motion to strike is not the appropriate vehicle to resolve such issues. See, *Heller Financial, Inc. V. Midwhey Powder Co., Inc.,* 833 F.2d 1286, 1294 (7th Cir. 1989). Moreover, the Court is reluctant to strike affirmative defenses because they do not prejudice plaintiff, nor his claims. Affirmative defenses are subject to Rule 8(a) notice pleading standards. The defenses must give a short, plain statement of the basis for the defense asserted. In this case, defendant's affirmative defenses do just that.

Therefore, upon review of the record, the Court **DENIES** plaintiff's motion to strike defendant's affirmative defenses on all grounds raised.

**IT IS SO ORDERED.**

**DATE:  16 November, 2011**                              **/s/  WILLIAM D. STIEHL**
                                                                                    **DISTRICT JUDGE**